# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Case No. 1:99CR00075 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **ELLIOT JOHNSON,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Jennifer R. Bockhorst, Assistant United States Attorney, Abingdon, Virginia for United States; Nancy C. Dickenson, Assistant Federal Public Defender, Abingdon, Virginia, for Defendant.*

The defendant, Elliot Johnson, has filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, arguing that his enhanced sentence as a career offender under United States Sentencing Guidelines ("U.S.S.G.") §§ 4B1.1 and 4B1.2, is unlawful. I stayed his case pending resolution by the United States Court of Appeals for the Fourth Circuit in *United States v. Brown*, which has now been decided.[1] 868 F.3d 297 (4th Cir. 2017). After consideration of the record and applicable case law, I conclude that Johnson's motion must be dismissed as untimely.

Johnson was charged in an Superseding Indictment with possession with intent to distribute and distribution of cocaine base within 1000 feet of a school

---

[1] Brown filed a petition for rehearing and rehearing en banc following the panel decision. *United States v. Brown*, No. 16-7056 (4th Cir. Oct. 5, 2017). The Fourth Circuit denied the petition on February 26, 2018.

zone, in violation of 21 U.S.C. §§ 841(a)(1) and 860(a). He proceeded to trial and was found guilty. Johnson's Presentence Investigation Report ("PSR") recommended that he receive an increased sentence because he qualified as a career offender in that he had "at least two prior felony convictions of either a crime of violence or a controlled substance offense," pursuant to U.S.S.G. § 4B1.1. PSR ¶ 25, ECF No. 53. The predicate offenses supporting his status as a career offender included a prior conviction for drug distribution and a prior conviction for possession of a sawed off shotgun. *Id*. ¶¶ 41 and 48. On May 23, 2000, I sentenced Johnson to a total of 262 months' incarceration, after concluding that he was a career offender. Johnson appealed, and the Fourth Circuit affirmed his conviction and sentence. *United States v. Johnson*, 246 F.3d 330, 335 (4th Cir. 2001).

In this § 2255 Motion, Johnson challenges the constitutionality of former U.S.S.G. § 4B1.2(a), which defined a "crime of violence," in part, as an offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another," referred to as the "residual clause." He bases his argument on *Johnson v. United States*, 135 S. Ct. 2551, 2563 (2015), in which the Supreme Court held that an identically worded residual clause in a federal statute, 18 U.S.C. § 924(e)(2)(B), was unconstitutionally vague and could not be used to increase a defendant's sentence. However, Johnson's argument that his crime of violence

conviction no longer supports his career offender status because the residual clause in the Guidelines is unconstitutional, is foreclosed by *Beckles v. United States*, 137 S. Ct. 886 (2017). The Supreme Court held that the Guidelines are not subject to a similar constitutional challenge as they merely "guide the exercise of a court's discretion" and do not "fix the permissible range of sentences" that a defendant faces. *Id*. at 892.

Nonetheless, Johnson argues that my determination that he qualified as a career offender is governed by *Johnson*, not *Beckles*. Johnson was sentenced pre-*Booker* under a mandatory Guidelines scheme. *United States v. Booker*, 543 U.S. 220, 245 (2005) (holding, in order to avoid a constitutional violation, that the Sentencing Guidelines are advisory and not mandatory). Accordingly, he argues that the mandatory Guidelines, which fixed his sentencing range, acted as the functional equivalent of a statutorily imposed sentence, and as a result, the reasoning of *Johnson* applies. Suppl. Mem. Supp. § 2255 Mot. 4-5, ECF No. 40.

The *Beckles* court did not address whether a constitutional infirmity might arise in circumstances where a defendant was sentenced under the mandatory Guidelines regime that existed prior to *Booker*. The Fourth Circuit, in *Brown*, was faced with just such a situation, and ultimately concluded that the defendant was not entitled to relief because on collateral review, he could not overcome the stringent timeliness hurdle required by 28 U.S.C. § 2255. 868 F.3d at 299.

conviction no longer supports his career offender status because the residual clause in the Guidelines is unconstitutional, is foreclosed by *Beckles v. United States*, 137 S. Ct. 886 (2017). The Supreme Court held that the Guidelines are not subject to a similar constitutional challenge as they merely "guide the exercise of a court's discretion" and do not "fix the permissible range of sentences" that a defendant faces. *Id*. at 892.

Nonetheless, Johnson argues that my determination that he qualified as a career offender is governed by *Johnson*, not *Beckles*. Johnson was sentenced pre-*Booker* under a mandatory Guidelines scheme. *United States v. Booker*, 543 U.S. 220, 245 (2005) (holding, in order to avoid a constitutional violation, that the Sentencing Guidelines are advisory and not mandatory). Accordingly, he argues that the mandatory Guidelines, which fixed his sentencing range, acted as the functional equivalent of a statutorily imposed sentence, and as a result, the reasoning of *Johnson* applies. Suppl. Mem. Supp. § 2255 Mot. 4-5, ECF No. 40.

The *Beckles* court did not address whether a constitutional infirmity might arise in circumstances where a defendant was sentenced under the mandatory Guidelines regime that existed prior to *Booker*. The Fourth Circuit, in *Brown*, was faced with just such a situation, and ultimately concluded that the defendant was not entitled to relief because on collateral review, he could not overcome the stringent timeliness hurdle required by 28 U.S.C. § 2255. 868 F.3d at 299.

Usually, a defendant must file a motion under § 2255 within one year from the date on which the defendant's judgment became final. 28 U.S.C. § 2255(f)(1). However, the statute allows for an additional one-year period to run when a defendant relies on a rule of constitutional law newly recognized by the Supreme Court, starting from "the date on which the right asserted was initially recognized by the Supreme Court." *Id.* § 2255(f)(3). The *Brown* court concluded that in neither *Johnson* nor *Beckles* had the Supreme Court expressly recognized the right of a defendant to obtain relief who was sentenced as a career offender under a mandatory Guideline regime. 868 F.3d at 302. By leaving open that question, the Supreme Court failed to recognize a new right in the mandatory Sentencing Guideline context. *Id.* Accordingly, a defendant sentenced as a career offender under the mandatory Guidelines could not rely on the additional one-year limitations period in § 2255(f)(3). *Id*.

Johnson was sentenced in 2000 and his judgment became final following the denial of his appeal in 2001. He did not file this § 2255 petition until 2016, 15 years after his judgment became final. Accordingly, his petition is time barred and must be dismissed.

A separate Final Order will be entered forthwith.

                                          DATED: March 12, 2018

                                          /s/ James P. Jones
                                          United States District Judge