# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | Case No. 1:99CR00075 |
| v. | ) | **OPINION AND ORDER** |
| **ELLIOT LAMONT JOHNSON,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Jennifer R. Bockhorst, Assistant United States Attorney, Abingdon, Virginia, for United States; Nancy C. Dickenson, Assistant Federal Public Defender, Abingdon, Virginia, for Defendant.*

The defendant has filed a motion to reduce sentence pursuant to the First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5220 (2018) ("2018 FSA" or "Act"), which made retroactive certain provisions of the Fair Sentencing Act of 2010, Pub. L. No. 111-220, § 2, 124 Stat. 2372, 2372 (2010) ("2010 FSA"). I find the defendant eligible for relief and I will reduce the sentence.

Section 2 of the 2010 FSA reduced the penalties for offenses involving cocaine base by increasing the threshold drug quantities required to trigger mandatory minimum sentences under 21 U.S.C. § 841(b)(1). After the enactment of the 2010 FSA, a violation of 21 U.S.C. § 841(a)(1) must involve at least 280 grams of cocaine base, rather than 50 grams, to trigger the 10-years-to-life penalty

range of 21 U.S.C. § 841(b)(1)(A) and 28 grams of cocaine base, rather than 5 grams, to trigger the 5-to-40 years penalty range of 21 U.S.C. § 841(b)(1)(B). The 2018 FSA provides that the court may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if the 2010 FSA were in effect at the time the defendant's crime was committed. 2018 FSA § 404(b).

While a defendant whose crime was committed before August 3, 2010, may be eligible for reduction in sentence, 2018 FSA § 404(a), the Act provides that the court is not required to reduce any sentence, *id.* at § 404(c). Thus, the court must first consider whether the defendant is eligible for a reduction in sentence. Second, if the defendant is eligible for reduction, the court must determine whether, and to what extent, a reduction is warranted.

The defendant was indicted in this court on November 10, 1999, and charged with possessing with the intent to distribute and distributing cocaine base within 1,000 feet of a school, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 860(a). On February 24, 2000, a jury found the defendant guilty, and he was held accountable for 5 to 20 grams of cocaine base. While the defendant was subject to a mandatory minimum sentence of 60 months, he was determined to be a career offender and to have a total offense level of 34, and a criminal history category of VI, which under the U.S. Sentencing Guidelines Manual, produced a

guideline range of 262 to 327 months.  He was also subject to a term of supervised release following imprisonment of eight years in light of the provisions of 21 U.S.C. § 860(a).  The defendant was sentenced on May 23, 2000, to 262 months imprisonment.  His current release date is May 19, 2019.

Under the 2018 FSA, the new statutory sentencing range, if applied to the defendant, would be 1 to 40 years, and the maximum term of supervised release would be six years.  21 U.S.C. § 841(b)(1)(C) and 860(a).

Because the defendant's guideline range remains the same and the 2010 FSA does not affect the defendant's sentence of imprisonment, I decline to reduce his 262-months sentence.  The 2010 FSA does affect his term of supervised release, however, which I will reduce to six years.

Accordingly, it is hereby **ORDERED** as follows:

1. The Motion to Reduce Sentence, ECF No. 62, is GRANTED in part;

2. <u>The defendant's term of supervised release is reduced to six years</u>; and

3. The defendant's term of imprisonment and other provisions of his sentencing judgment shall otherwise remain unchanged.

ENTER:  February 26, 2019

/s/ *James P. Jones*
United States District Judge